REQUESTED BY: Jon H. Oberg, Director, Department of Administrative Services.
1. Does section 84-306.01 require that members of commissions, councils, committees or boards of the state be treated as state employees for expense reimbursement purposes?
2. Do members of commissions, councils, committees or boards have a headquarter city? If so, how is that headquarter city defined?
3. May the state pay members of boards, committees, councils or commissions mileage from the city of their residence to the headquarter city of the agency? If so, is the state required to withhold taxes on these payments?
4. Can a member of a commission, council, committee or board of the state receive lodging and/or meal reimbursement or other personal maintenance expenses while in their headquarter city performing their normal work?
1. Yes, unless there is specific provision to the contrary.
2. Yes. The site in which the principle office of the agency is located.
3. Yes. A definitive answer would require an IRS
ruling although it appears the answer would be no.
4. No.
1. You have asked several questions relating to the payment of expenses by the State of Nebraska to persons who belong to commissions, councils, committees and boards established by the state and by the Constitution to comply with federal statutes, rules or regulations, administrative determinations and in other ways. Members of these bodies may be appointed, elected, hired or may be volunteers. If appointed, the appointing authority may be constitutional or statutory officers or required to be agencies by federal rules or regulations.
A question arose in 1977 regarding the payment of expenses to members of commissions established in compliance with federal regulations for various programs funded by the federal government. At that time you were advised that there was no statute authorizing the payment of expenses to such persons. In response to that advice, the Legislature adopted LB 365, which is now codified as sections 84-306.01,84-306.06, 84-306.07, 84-306.08 and 84-306.09, 1977 Supp. One purpose of these statutes was to authorize payment of the expenses incurred by persons serving on such commissions.
Generally, members of commissions established by state law have provision made for specific payments, either a per diem allotment for each day spent performing the actual work of a commission, or some clause generally in the character of reimbursement for expenses actually and necessarily incurred in the performance of their duties. Prior to the adoptions of LB 365 commissions created by state law were usually entitled to be reimbursed. The authority to make payments existed by virtue of a statute providing either for the per diem allotment or for the payment of actual and necessary expenses. However, a number of commissions existed for which no state authorization for reimbursement existed. Section 84-306.06, 1977 Supp., in part provides:
 "Any member of any state commission, council, committee, or board which has been created by statute shall be entitled to be reimbursed for expenses in the same manner as provided in section 84-306.01."
Generally a specific statute will control over a general statute on the same subject.
In our view, in the absence of a specific statute setting forth a per diem or a statute which sets forth the payment of expenses necessarily and actually incurred in the performance of their duties and specifies what such expenses are, members of commissions, councils, committees or boards are to be accorded reimbursement for their expenses in the same manner and in the same fashion as are state officers and employees. To that extent the Department of Administrative Services is entitled, under their general authority to supervise the payment of claims made against the state, to determine what are `actual and necessary expenses' in auditing vouchers for repayment.
As such, except where a specific statute provides for per diem payment or a different standard, members of boards, commissions, councils or committees should be paid in the same manner and under the same guidelines utilized for the reimbursement of employees and officers. A statute providing for payment of `ordinary and necessary expenses' does not constitute a different standard.
2. The general reimbursement statute, section84-306.01, 1977 Supp., provides in part:
 ". . . No personal maintenance expenses shall be allowed to any state officer, employee, or member of any commission, council, committee, or board of the state when such expenses are incurred in the city or town wherein the residence or headquarters of such individual is located."
In the past the Department has interpreted this to mean that lodging and meal expenses are not reimbursable in the headquarter city of a state employee or officer. That same interpretation may also be applied to members of commissions, councils, committees or boards. In general, the headquarter city would be the city in which the principle office of the agency to which such commission, board, committee or council is an adjunct, is maintained.
3. When an individual is appointed to serve on one of these bodies, it is generally contemplated that the body will be composed of a cross section of the state. Therefore, frequently a member will be appointed from cities other than the headquarters of the agency. This, of course, necessitates travel from the city of residence to the city in which the particular body meets. It seems clear that the members could not serve or perform their duties without in some way transporting themselves from their residence city to the city in which the meeting occurs. These situations of course must be distinguished as among the commissions. Generally there are three types of commissions, full time salaried commission members, commission members who are entitled to per diem, and/or ordinary and necessary expenses pursuant to specific statutes and commissions which are only entitled to their ordinary and necessary expenses. Generally the first category would not be entitled to reimbursement for travel from their residence to their work location. They are in the nature of employees and as such, in the absence of specific statutory language, would be no more entitled to travel reimbursement to and from their home than any other employee. The second type of commissions might be entitled to mileage reimbursement depending on the specific statutory provision. If the provision only authorizes the payment of a per diem and no authorization exists for the payment of expenses then the statute contemplates only the payment of the per diem money specified and no expense reimbursement would be authorized. The majority of the commissions about which you inquire follow into the final category. That is they are members of commissions that meet either on a regular or irregular schedule but in any event, generally not more frequently than once a month. Those commissions under the sections above in this opinion, would be entitled to their ordinary and necessary expenses. The fact that they are commission members, are required to attend commission meetings, and the commission meetings may be held at the city in which the headquarters of their particular agency is located, does not in any way alter the fact that the requirement that they travel to the commission is one that ordinarily and necessarily arises by virtue of their membership upon such a commission. To that extent, they are entitled to reimbursement for such travel.
As a part of this question, you inquire as to what tax consequences will flow toward paying these commuting expenses. It seems rather clear that such expenses would be deductible to the taxpayer and not taxable. As such, it would be our opinion that there would be no tax consequences to the member upon reimbursement. Thus, the state would not be required to withhold taxes on such payments. However, this opinion would not be binding on the Internal Revenue Service, and if the Department of Administrative Services wishes to be on firm ground, a question with respect to this area should be directed to the regional director of the Internal Revenue Service for purposes of seeking a ruling on this question.
4. Section 84-306.01 specifically provides that personal maintenance expenses shall not be allowed when they are incurred in the city or town wherein the residence or headquarters of an individual is located. We find, other than those statutes providing for per diem payments, no basis upon which personal maintenance expenses could be allowed to members of boards, commissions, committees, or councils where they are performing their duties in the headquarter city of the agency to which the entity is attached or where they are performing their duties in the city in which they reside. Therefore, the specific terms of the statute precludes payment of personal maintenance expenses in such circumstances.